## No. 168
### DeROBERTS v. MILES HEATING CO.
Ohio Court of Appeals, Cuyahoga County
No. 4142. Jan. 22, 1923

(Sayre, P. J., Middleton and Mauck, JJ., of the Fourth District, sitting.)

This opinion has appeared only in The Abstract.

CONTRACTS—(1) Practice—Court must follow the record—(2) Demand for cancellation of the written contract, should have been pleaded.

MIDDLETON, J.

#### Epitomized Opinion
#### Error to Cleveland Municipal Court

It seems that DeRoberts entered into a written contract with the Miles Heating Co., and gave notes thereunder, on which this action was brought by it. An answer and counterclaim was filed by Roberts, the third defense of which set up a non-performance of the contract by the Heating Company. On motion of the Miles Co. this was stricken from the files on the grounds that the statement of defense did not set up a defense to plaintiff's claim, and that the counterclaim did not state a cause of action.

The Appellate Court held:

1. That as no cause of action for or demand on part of Roberts for the cancellation of the contract was pleaded, the facts stated in the counterclaim could not operate in his favor.

2. The lower court was not justified in sustaining the motion to strike the answer and counterclaim from the files, and while the lower court may have found otherwise from the evidence, the record does not show these facts, but shows affirmatively that the motion filed was sustained on the ground above specified. Judgment reversed and cause remanded.

Attorneys—G. C. Hafley and C. F. McConnell, for DeRoberts; George S. Myers, for Miles Heating Co.

## No. 169
### FRANK LAUTZ v. JOHN MOSS
Ohio Court of Appeals, Williams County
No. 124. Jan. 29, 1923

REAL ESTATE—Infra State contracts, if void in state where made, void in Ohio.

RICHARDS, J.

#### Epitomized Opinion
#### Error to Common Pleas

Moss brought this action in the Common Pleas to recover a commission for securing a purchaser of certain real estate located in Indiana, and under a contract made in that state, and for services and expenditures in the care of real property. The first defense of the answer averred that the commission due for finding a purchaser for real estate in Indiana was under an unwritten and invalid contract, as there was a statute in that state voiding such agreements unless made in writing and signed by the owner of the land or his representative.

The Common Pleas Court struck this defense from the answer. Trial was held and the court refused to allow the statute to be given in evidence. A verdict for $250 was given to Moss.

The Appellate Court held:

1. That the verdict was not so manifestly against the weight of the evidence as to justify a reversal of the judgment on that ground.

2. That in view of the decision of the Ohio Supreme Court of December 29, 1922, in Detroit & Cleveland Nav. Co. v. Colby Hade, Abs. Jan. 9, p. 104, held that a contract which is invalid in the state where made cannot be enforced as a valid contract in any other state, there was error in striking out the first defense. Judgment reversed and remanded for a new trial.

Attorneys—W. H. Shinn, C. E. Scott and L. M. Weaver, for Lautz; R. F. Haines and I. W. Pressler, for Moss.

## No. 166
### STATE v. SZILOGYA
Ohio Court of Appeals, Montgomery County
No. 503. Jan. 31, 1923
Full Opinion, Dayton Daily Legal News, Feb. 2

INTOXICATING LIQUORS (1) 70 day rule for filing petition-in- error—(2) Irregularity in search warrant.

BY THE COURT:

#### Epitomized Opinion

Szilogya was charged with possessing intoxicating liquors in violation of 6212 GC. and was convicted and fined $1,000 by a magistrate. Objections were made by Szilogya to evidence offerd by the State on the ground that it was secured by an illegal and irregular search warrant. Szilogya offering no evidence in his own behalf, the case was submitted on the evidence offered by the State. Szliogya prosecuted a petition in error to the common pleas court, which court reversed the decision of the magistrate. The petition in error to this court by the State was not filed within 70 days as provided by statute and Szilogya questions the judisdiction of this court. Held by court of appeals:

1. The statute requiring filing of petition in error within 70 days applies only in civil cases and does not apply to the State in criminal cases. This court therefore has jurisdiction.

2. Evidence secured under an illegal or irregular search warrant is competent. Judgment of magistrate affirmed.

Attorneys—H. E. Mau, J. A. White, T. B. Jarvis and C. M. Earhart, for Szilogya; W. S. Rhotenhamel, for State.

## No. 167
### BLUSINSKY v. MULHOLLAND
Ohio Court of Appeals, Cuyahoga County
No. 4081. Jan. 22, 1923

(Sayre, P. J., Middleton and Mauck, JJ., of the Fourth District, sitting.)

PLEADING—Amendment of statement, to conform to proof under 11563 GC., changing an express sum to a reasonable amount.

SAYRE, J.

#### Epitomized Opinion
#### Error to Cleveland Municipal Court

This action was brought by Mulholland to recover on an express contract to procure tenants for Blusinsky, who pleaded that B. agreed to pay the usual commission allowed real estate brokers, which he averred to be four per cent.

At the close of the testimony M. asked and was given leave to amend his claim by stating "that a reasonable commission for a broker who procures a term lease for an owner of real estate in Cleveland, for commercial rooms and for residential apartments, is four per cent of the rentals, up to $20,000." This changed the consideration pleaded from an express stipulation to such reasonable amount as M. should receive for his services.

Held:

1. This change related only to the matter of consideration for the services and is not such a substantial change as violates the spirit of the statute as to amendments, 11563 GC.

2. When the amendment was made there was evidence in the record showing what would be a reasonable commission for the services performed.

Attorneys—Ulmer & Bernstein, for Blusinsky; E. M. Waite, for Mulholland.